UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In the matter of: | Case no: 1:23-cv-11872 |
| Nathan McGuire, Trustee<br>Real Party in Interest<br>ALIAH TRUST<br>An Express Trust Organization<br>*Petitioner,*<br><br>v<br><br>COMMONWEALTH OF MASSACHUSETTS<br>NATHAN ALIAH MCGUIRE Agency<br>US DEPARTMENT OF THE TREASURY<br>MASSACHUSETTS DEPARTMENT OF REVENUE<br>FIDELITY INVESTMENTS BOARD OF TRUSTEES<br>Known and Unknown Nominal Auxiliary<br>Beneficiaries<br>*Respondents* | **Supplemental**<br><br>JUDICIAL NOTICE<br>OF<br>ADJUDICATIVE FACTS<br>**MANDATORY UNDER PUBLIC LAW 93-595**<br>Federal Rules of Evidence Section 201 |

In the interest of the protection and preservation of the Petitioner's substantive rights and to introduce the legally operative controlling law and governing principles of equity to assure the proper outcome in this instant case this court is put on notice of the following applicable law and adjudicative facts within the domain of the indisputable;

1. The Petitioner, reserves without prejudice, without reservation and without the United States all rights substantive and otherwise as Source Creator given and inherent to Petitioner's existence independent of all law created by any legislative body, judicial authority or otherwise conformable to 28 U.S. Code § 2072 (b);

2. The Petitioner holds a complete, absolute, paramount, perfected security interest in the property COMMONWEALTH OF MASSACHUSETTS NATHAN ALIAH MCGUIRE agency, statutory ens legis US person, *cestui que* trust originated from the creation of Record of

Birth representing a Certificated Security that was monetized and securitized into a Nonmortgage Widely Held Fixed Investment Trust with a social security account number as a transmitting utility and all associated derivatives alike including but not limited to all rights, titles, interests, securities, accounts, deposits and bonds and has expressed the trust;

3. The Constitution of the United States is the Supreme law of the land and pursuant to 80th CONG., 1st. SESS —CH. 388—JULY 30, 1947; page 636 § 112, 113 the Statutes At Large are legal evidence of the laws of the United States and the several States in conformity with Article VI of the Constitution of the United States, therefore this court is subject to and bound by/to the Constitution of the United States and the laws of the United States;

4. As one of the people Petitioner specifically and specially evokes the right to self-governance and self-determination secured and protected by the Massachusetts Constitution Part the First Article IV which provides that;

> *"The people of this commonwealth have the sole and exclusive right of governing themselves, as a free, sovereign, and independent state; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, which is not, or may not hereafter, be by them expressly delegated to the United States of America in Congress assembled.";*

5. As one of the people Petitioner specifically and specially evokes the ministerial duty of any and all participating judicial officers in this instant case including without limitation to magistrates, justices and otherwise secured and protected by the Massachusetts Constitution Part the First Article V which provides that;

> *"All power residing originally in the people, and being derived from them, the several magistrates and officers of government, vested with authority, whether legislative,*

*executive, or judicial, are their substitutes and agents, and are at all times accountable to them.";*

6.  Petitioner specifically and specially evokes the "right to be protected by it in the enjoyment of his life, liberty and property," secured and protected by the Massachusetts Constitution Part the First Article X;

7.  Petitioner specifically and specially evokes the right to find a certain remedy secured and protected by the Massachusetts Constitution Part the First Article XI which provides that;

*"Every subject of the commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.";*

8.  In this instant case the Massachusetts Constitution provides the governing law to observe the ultimate facts regarding the rule of decision pertaining to Petitioner's claim to rights and claims to remedies conformable to 28 U.S. Code § 1652 and the Federal Rules of Evidence 302;

9.  All documentation submitted into to the court in this instant case is under 80TH CONG., 2D SESS.-CH. 645 – JUNE 25, 1948 page 795 Chap 101 § 2071 and shall not be concealed, removed, or mutilated generally;

10. All judicial officers and otherwise participating in this instant case are in compliance with Article VI of the Constitution of the United States of America who have taken

an oath to the Constitution of the United States and the oath(s) is/are hereby accepted by the Petitioner;

11. Pursuant to 80TH CONG., 2D SESS.—CH. 646—JUNE 25, 1948 62 STAT. page 945 Chap 115 § 1739 any and all non-judicial authenticated records by the Secretary of the Commonwealth of Massachusetts are proved and admissible as evidence and given full faith and credit in this court in this instant case and serve as conclusive evidence of the facts stated therein;

12. The obligation of the following is paramount and indispensable to the administration of justice in this instant matter pertaining to the Judicial Code of Ethics;

   a. Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary;

   b. Canon 2: Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities;

   c. Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently;

13. Petitioner evokes equity jurisdiction in this instant case in order that remedy be adjusted to render complete justice under a court of conscience applying reason and righteousness in accordance with the rules of equity;

14. Equity will not suffer a wrong to be without a remedy;

15. Equitable interposition is required and necessary in order that Petitioner gain a meaningful adjudication of rights and to address the multiplicity of issues arising from the arbitrary and capricious disregard of those rights.

Respectfully Submitted,

By: _____
Nathan McGuire, Trustee